William W. Palmer, Esq. (SBN 146404)
PALMER LAW GROUP, a PLC
8033 W. Sunset Blvd, No. 880
Hollywood, California 90046
Telephone: (310) 984-5074
Facsimile:  (310) 491-0919
Email: wpalmer@palmercorp.com

*Attorneys for plaintiffs*
*Debt Registration Center, LLC and*
*Vista Capital Management, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBT REGISTRATION CENTER, LLC; VISTA CAPITAL MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>VIRTUE LAW GROUP, LLC a NEW JERSEY LIMITED LIABILITY COMPANY; QUANTUM PROCESSING, LLC a DELAWARE LIMITED LIABILITY COMPANY,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES:<br><br>1. Breach of Contract<br>2. Bad Faith Breach of Contract<br>3. Negligence<br>4. Conversion<br>5. Constructive Fraud<br>6. Accounting<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiffs Debt Registration Center, LLC ("Debt Registration") and Vista Capital Management, LLC ("Vista Capital") (collectively hereafter, "Plaintiff") alleges for its Complaint against defendants Virtue Law Group, LLC ("Virtue Law") and Quantum Processing, LLC ("Quantum Processing") (collectively hereafter, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The parties have diversity of citizenship, and the controversy is greater than $75,000.00.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

**A.  Plaintiffs**

3. Plaintiff Debt Registration Center, LLC is a California corporation, headquartered in Placentia, California.

4. Plaintiff Vista Capital Management, LLC is a California corporation.

**B.  Defendants**

5. Defendant Virute Law Group, LLC is incorporated in the State of New Jersey, headquartered in New York, New York.

6. Defendant Quantum Processing, LLC is incorporated in the State of Delaware.

**GENERAL ALLEGATIONS**

7. This is a case in which the Defendants failed to acknowledge a contract between the parties and breached their duties by failing to pay and now owe Plaintiffs a large sum of money.

8. On or about November 7, 2023, Defendants contracted with Plaintiffs to provide leads of potential clients that may wish to purchase Defendants debt resolution program. Defendants engaged the services of Plaintiffs to provide general marketing and lead generation services. Plaintiffs, at all times, possess the expertise and resources necessary to promote the services of Defendants. Plaintiffs performed said duties as requested by Defendants.

9. Plaintiffs agreed to provide marketing and lead generation services to the Defendants to assist them and to help attract potential clients in need of debt resolution to the Defendants to perform and contract legal services with potential clients.

10. Plaintiffs' services to be provided were limited to identifying potential clients for the Defendants, so Defendants could onboard such clients including the point of executing an agreement to retain the Defendants.

11. Defendants agreed to pay Plaintiffs a fee of $1,400.00 for each client

referred to Defendants and who contract by a qualifying a client referred by the Plaintiffs, which payment was due and payable after the client clears their first payment with the Defendants, provided the client's monthly payment is no less than $375.00. If the client's monthly payment is below $375.00 but at least $300.00, the Defendants agree to pay Plaintiffs $1,200.00 after the client clears their first payment. If the client's monthly payment is at or above $500.00, the Defendants agree to pay Plaintiffs $1,600.00 after the client clears their first payment. Payment was to be made each Friday for all payments that cleared the week prior.

12. Plaintiffs further agreed that if any client who cleared their first payment and failed to clear their second or third payment, Defendants were entitled to offset the fee already paid toward such client from a future payment due to Plaintiffs. This was done to ensure clients did not fraudulently clear their first payment to Plaintiffs for their payment when such client had no intention of proceeding with the Defendants' debt resolution program in good faith. This payment offset appeared as a credit on the next payment due to Plaintiffs. In no event were Plaintiffs forced to return money already paid by Defendants, rather the offsets only affected a discount on future payments due from Defendants to Plaintiffs.

13. Plaintiffs and Defendants agreed to the terms that a client would be deemed qualifying if the following were verified by Plaintiffs at the time of enrollment: (1) client is not simultaneously enrolled in any other debt relief or credit

repair program; (2) client understood that the Defendants are neither a debt settlement nor a credit repair program; (3) client disclosed any prior debt relief or debt settlement program they were enrolled with prior to enrolling with the Defendants, and the same been disclosed in writing to the Defendants; (4) client did not have an active lawsuit related to any of the accounts enrolled with the Defendants; or client is not involved in an active bankruptcy under any chapter of the U.S. Bankruptcy Code, and has not received a discharge from a U.S. Bankruptcy Court within three (3) months of enrolling into Defendants' program.

14. Plaintiffs agreed and were obligated to maintain a continuous vigilance over the quality of Plaintiffs' leads. Prior to any delivery of leads, Plaintiffs would meticulously review and determine that the lead slated for delivery to Defendants met the utmost standards and aligned with the mutually established technical prerequisites of both Plaintiffs and Defendants. Plaintiffs' assurance was provided to Defendants in written form and established in reports. The quality benchmark of Plaintiffs' procured accounts, Defendants were entitled to conduct any quality assessment through direct engagement with Plaintiffs' leads. Any of Plaintiffs' leads that fell short of any quality assessment criteria would necessitate replacement or refund to Defendants, irrespective of the clearance of any prior payments to Plaintiffs.

15. Plaintiffs and Defendants had agreed to settle any and all existing disputes

regarding any and all contracts, agreements, and relationship, formal or informal, that existed at any time between the Defendants and Plaintiffs. Defendants agreed to pay to Plaintiffs the sum of $144,650.00, which Plaintiffs agreed was good and valuable consideration and sufficient to warrant a release. Defendants further agreed that they would remit to Plaintiffs payment of $100,000.00 within 24 hours of execution of a settlement agreement by wire transfer, followed by $22,650.00 on April 12, 2024, and $22,000.00 on April 19, 2024. Upon completion of Defendants' each wire, Defendants would provide a wire transfer confirmation by email to Plaintiffs showing the fed wire number confirming the validity of the transaction. If Defendants' payment was not sent within 24 hours of each date indicated a liquated damage of $50,000.00, which Plaintiffs and Defendants deemed reasonable, and would be added to the sum owed. This damage of $50,000.00 per day shall be added for each successive 24-hour period up to a maximum of $500,000.00

## **FIRST CLAIM FOR RELIEF**

**(Breach of Contract against Defendant)**

16. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 15 to this Complaint as though said allegations were set forth in full.

17. Plaintiffs allege that they were in a contractual relationship with Defendants. Plaintiffs allege that it performed all of its obligations under this

contractual relationship with Defendants.

18. Defendants' obligation to keep Plaintiffs apprised of all generated leads that lead to a contract has resulted in the filing of this Complaint against them. The party's contract was executed on November 7, 2023.

19. Plaintiffs performed all obligations due under the contract on their part to be performed, except for those payments or obligations that may have been excused by Defendants' conduct.

20. Defendants breached the contract by committing the acts, omissions and practices alleged herein.

21. For example, Defendants breached said duties by failing to make payments as agreed upon between Plaintiffs and Defendants.

22. As a result of Defendants' breach of contract with Plaintiffs, Plaintiffs have been damaged in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

**(Breach of the Implied Covenant of Good Faith and Fair Dealing against Defendants)**

23. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 22 to this Complaint as though said allegations were set forth in full.

24. Plaintiffs entered into a written agreement, as described above. Implied

in said written agreement was a duty of good faith and fair dealing owed to Plaintiffs by Defendants.

25. At all relevant times, a special relationship existed between Plaintiffs on the one hand, and Defendants on the other, that was characterized by elements of public interest, adhesion and fiduciary responsibility.

26. At all relevant times, Defendants enjoyed the advantage of inside knowledge and a superior bargaining position over Plaintiffs, such that it is and was able to dictate its performance and terms of the contract. In entering into the contract with Defendants, Plaintiffs placed its trust and confidence in Defendants as its fiduciary.

27. Plaintiffs performed all obligations under the contract to be performed, except for those payments or obligations that may have been excused by the conduct of Defendants.

28. Defendants breached their duty by acting and failing to act as alleged herein and above.

29. Plaintiffs are informed and believe and accordingly allege that Defendants have committed further acts or omissions in breach of its absolute duty of good faith and fair dealing owed to Plaintiffs, which acts are presently unknown to Plaintiffs. Plaintiffs will seek leave of Court to further amend this Complaint at such time as Plaintiffs discover other acts or omissions of Defendants constituting

such breach.

30. Plaintiffs are informed and believe and thereon allege that Defendants and Defendants' conduct, as described herein, was knowingly and purposefully done so that Defendants could expand their control, save costs and achieve greater retained earnings and profits from the use of Plaintiffs' capital, and use Plaintiffs' generated leads for purpose of control and as a no-interest loan, without incurring the expense of fully compensating and of notifying Plaintiffs. Plaintiffs further allege that Defendants failed in their duties with the knowledge and understanding that such would increase their own financial position while at the same time impairing the financial interests of Plaintiffs then, now, and in the future.

31. As a proximate result of Defendants' conduct, Plaintiffs have suffered damages including, but not limited to, unnecessary and increased costs and expenses in having to hire outside consultants, experts and attorneys to assist in attempting to obtain the benefits under the contract, all in a sum to be established at the time of trial.

32. Plaintiffs further allege that Defendants' conduct has been committed in bad faith, in callous disregard of Plaintiffs' interests, and with intent to injure and cause harm to Plaintiffs. The facts alleged herein demonstrate that Defendants' conduct was despicable, as defined in Code of Civil Procedure section 3294. Therefore, Plaintiffs are entitled to recover punitive damages in an amount

appropriate to punish or to set an example of Defendants.

## THIRD CLAIM FOR RELIEF

**(Negligence against Defendants)**

33. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 32 to this Complaint as though said allegations were set forth in full.

34. At all times mentioned herein, Defendants owed a duty of due care in carrying out its contractual obligations to Plaintiffs pursuant to common law and statute.

35. Defendants breached said duties by acting and failing to act as alleged herein and above.

36. As a direct and proximate result of the negligence of Defendants, Plaintiffs have suffered damages in an amount not yet ascertained, subject to proof at trial.

## FOURTH CLAIM FOR RELIEF

**(Conversion against Defendants)**

37. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 36 of this Complaint as though said allegations were set forth in full herein.

38. Defendants intentionally hijacked Plaintiffs' generated leads and

otherwise converted Plaintiffs' leads for Defendants own use.

39. The property that Defendants, acting through their officers, directors and agents, intentionally converted to their own use were the payments owed to Plaintiffs.

40. As a result of Defendants' conduct and conversion of said property, Plaintiffs have been damaged in an amount to be determined at trial.

41. Plaintiffs further allege that Defendants' conduct was committed in callous disregard of Plaintiffs' interests, and with intent to injure and cause harm to Plaintiffs. The facts alleged herein demonstrate that Defendants' conduct were/are despicable, as defined in Code of Civil Procedure section 3294. Therefore, Plaintiffs are entitled to recover punitive damages in an amount appropriate to punish or to set an example of Defendants.

## FIFTH CLAIM FOR RELIEF

### (Constructive Fraud against Defendants)

42. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 41 of this Complaint as though said allegations were set forth in full herein.

43. Defendants were, at all times relevant hereto, in a contractual relationship with Plaintiffs and owed duties of care, loyalty, accountability, candor and good faith to the Plaintiffs.

44. Defendants' statutory and common law obligations require it, obviously, not to hide information from Plaintiffs, but to convey all material information concerning its obligations under the contract.

45. Defendants failed to convey material information to Plaintiffs regarding the status of the leads generated, and the retention of the proceeds from the contracted leads. Defendants' failure to notify Plaintiffs is designed to intentionally deprive Plaintiffs. By failing to provide Plaintiffs with notice and information, Defendants are concealing from Plaintiffs the material facts regarding its contracted interests and the ongoing mishandling and improper withholding of funds based on Defendants' conduct.

46. In addition to the other harm suffered and set forth above, Plaintiffs contend Defendants fail to and have no intention of ever providing Plaintiffs with any payment for the services rendered under the contract.

47. Defendants' ongoing failure to pay Plaintiffs are done intentionally to deceive Plaintiffs in order to deprive Plaintiffs of their investments and to avoid having to pay Plaintiffs under the contract. The statutory scheme that guides Defendants does not allow them to withhold contractual information, while making a profit thereon.

48. Plaintiffs actually relied upon Defendants, to faithfully discharge their statutory duties and to disclose material facts to Plaintiffs regarding the leads

generated which resulted in a contract between the lead provided and Defendants. Such reliance by Plaintiffs was justifiable because Defendants previously disclosed and conveyed all contractual information to Plaintiffs.

49. As a result of Defendants' non-disclosure and omission, in violation of its contractual duties, Plaintiffs have been injured and damaged.

50. Plaintiffs further allege that Defendants' conduct has been committed in callous disregard of Plaintiffs' interests, and with intent to injure and cause harm to Plaintiffs. The facts alleged herein demonstrate that Defendants' conduct was despicable, as defined in Code of Civil Procedure section 3294. Therefore, Plaintiffs are entitled to recover punitive damages in an amount appropriate to punish or to set an example of Defendants.

## SIXTH CLAIM FOR RELIEF

### (For An Accounting by Defendants)

51. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 50 of this Complaint as though said allegations were set forth in full herein.

52. Defendants never apprised Plaintiffs of the true state of its contractual affairs and the status of leads generated, which Defendants are holding in their possession.

53. The total amount of Plaintiffs' damages, which include not only the

mishandling of the leads contracted, but the mistreatment and arbitrary calculation, and the absence of any calculations of Defendants cannot be ascertained without an accounting for such property.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

1. For general and special damages in a sum according to proof at the time of trial,

2. For punitive and exemplary damages in an amount appropriate to punish and set an example of Defendants;

3. For equitable and injunctive relief as determined by this Court, including but not limited to, imposition of a constructive trust over an accounting of any and all transactions unlawfully entered into by Plaintiffs and the payment of Plaintiffs' contracted leads generated;

4. A permanent injunction restraining Defendant from engaging in future unlawful and/or fraudulent transactions, as alleged in this Complaint;

5. Restitution and disgorgement of ill-gotten gains to the Plaintiffs in the form of an order requiring Defendants to return any payments that they have mishandled or are accumulating.

6. For an accounting;

7. For constructive trust;

8. For such other and further relief as the court deems just and proper.

Dated May 14, 2024.                    Respectfully submitted,

                                      PALMER LAW GROUP, a PLC

By: _____
        William W. Palmer

*Attorneys for plaintiffs Debt Registration, LLC and Vista Capital Management, LLC*

---

14
COMPLAINT

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: May 14, 2024                    PALMER LAW GROUP, a PLC

By: _____
William W. Palmer

*Attorneys for plaintiffs Debt Registration, LLC and Vista Capital Management, LLC*