UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-01050-FWS-ADS                              Date: December 9, 2024
Title: Debt Registration Center, LLC *et al.* v. Virtue Law Group, LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER TO SHOW CAUSE REGARDING THE COURT'S SUBJECT MATTER JURISDICTION AND SETTING ASIDE ENTRY OF DEFAULT [26]**

## I.    Background

On May 14, 2024, Plaintiff Debt Registration Center, LLC and Plaintiff Vista Capital Management, LLC (collectively, "Plaintiffs") filed the Complaint, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, conversion, constructive fraud, and accounting against Defendant Virtue Law Group, LLC and Defendant Quantum Processing, LLC (collectively, "Defendants"). (*See generally* Dkt. 1.) Plaintiffs alleged the court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332. (*Id.* ¶¶ 1-6.) On September 18, 2024, Plaintiffs filed proof of service as to Defendant Quantum Processing, LLC, indicating that a process server delivered the summons and Complaint to Defendant Quantum Processing, LLC's "corporate specialist" authorized to accept service of process.[1] (Dkt. 13.)

---

[1] After the court issued an order to show cause why this case should not be dismissed for failure to timely serve Defendants under Federal Rule of Civil Procedure 4(m) on August 14, 2024, (Dkt. 10), Plaintiffs requested additional time to file proof of service in light of settlement discussions between the parties, (Dkt. 11). As a result, the court continued the deadline to file proof of service from August 14, 2024, to September 18, 2024. (Dkt. 12); *see also* Fed. R. Civ. P. 4(m).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01050-FWS-ADS                              Date: December 9, 2024
Title: Debt Registration Center, LLC *et al.* v. Virtue Law Group, LLC *et al.*

    On September 26, 2024, the parties stipulated to extend the deadline for Defendants to answer to the Complaint from September 27, 2024, to October 27, 2024.  (Dkt. 16.)  On October 24, 2024, Plaintiffs filed a First Amended Complaint ("FAC"), adding Defendant Gabriel A. Levy, Defendant Benjamin Greenwald, and Defendant Mendy Raskin and omitting the claim for breach of the implied covenant of good faith and fair dealing.  (Dkt. 17.)  Plaintiffs allegedly served the FAC by sending a copy of the FAC, along with several forms for acknowledging service pertaining to the three new defendants, to Defendants' counsel via the CM/ECF system on October 24, 2024, and electronic mail on October 28, 2024.[2]  (*See* Dkt. 18; Dkt. 18-1 ¶ 7 & Exh. A.)

    On November 21, 2024, Plaintiffs requested an entry of default against Defendants.  (Dkt. 18.)  The next day, Defendants' counsel filed a declaration opposing Plaintiffs' request for default because Plaintiffs failed to file adequate proof of service with respect to the FAC.  (Dkt. 19 ¶¶ 1-18.)  On November 27, 2024, the clerk declined to enter default against Defendants due to insufficient proof of service as to the FAC.  (Dkts. 21, 22.)

    On the same day, Plaintiffs filed an amended request for entry of default and a "certificate of service," stating that Plaintiffs' counsel served the FAC on Defendants by sending the FAC to Defendants' counsel via CM/ECF and electronic mail on October 28, 2024.  (Dkts. 23, 24.)  Defendants' counsel then filed a second declaration opposing Plaintiffs' amended request for entry of default due to improper service.  (Dkt. 25.)  On December 3, 2023, the clerk entered default against Defendants.  (Dkt. 26.)  On December 4, 2024, Defendants filed a Motion to Dismiss the Amended Complaint ("Motion to Dismiss").  (Dkt. 28.)

    **II.**    **Discussion**

    The court first addresses whether Plaintiffs have adequately established the court's subject matter jurisdiction over this action, and then considers whether Defendants have provided sufficient good cause to set aside default.

---

[2] To date, Plaintiffs have not filed any proofs of service as to Defendant Levy, Defendant Greenwald, or Defendant Raskin.  (*See generally* Dkt.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01050-FWS-ADS　　　　　　　　　　　　　Date: December 9, 2024
Title: Debt Registration Center, LLC *et al.* v. Virtue Law Group, LLC *et al.*

### A.　　Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (1994) (citation and internal quotation marks omitted). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). Therefore, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). As relevant here, diversity jurisdiction requires both complete diversity between the parties and an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.").

In the FAC, Plaintiffs allege that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because: (1) both Plaintiffs are "California corporations," headquartered in either Placentia, California or San Clemente, California; (2) Defendant Virtue Law Group, LLC is a New Jersey corporation, headquartered in New York City, New York; (3) Defendant Quantum Processing, LLC, is a Delaware corporation; (4) Defendant Levy is a resident of New York and a managing member of Defendant Virtue Law Group, LLC; (5) Defendant Greenwald is a resident of New York and a managing member of Defendant Quantum Processing, LLC; (6) Defendant Mendy Raskin is a resident of New York and a managing member of Defendant Quantum Processing, LLC; and (7) Plaintiffs seek more than $75,000.00 in damages. (FAC ¶¶ 1-9.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01050-FWS-ADS                                Date: December 9, 2024
Title: Debt Registration Center, LLC *et al.* v. Virtue Law Group, LLC *et al.*

___

     The court finds these allegations are insufficient to establish complete diversity of citizenship. The FAC suggests Plaintiffs, Defendant Virtue Law Group, LLC, and Defendant Quantum Processing, LLC are limited liability companies. (FAC ¶¶ 3-6.) To establish the citizenship of a limited liability company, the complaint must allege the citizenship of each of the limited liability company's members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) ("[W]ith respect to a limited liability company, the citizenship of all of the members must be pled."). However, the FAC fails to allege the citizenship of either Plaintiffs', Defendant Virtue Law Group, LLC's or Defendant Quantum Processing, LLC's members.[3] (*See generally* FAC.) Because "the citizenship of all of the [LLC] members must be pled," *NewGen, LLC*, 840 F.3d at 611, the court concludes Plaintiffs have not adequately established complete diversity as required for subject matter jurisdiction under 28 U.S.C. § 1332. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.") (citations omitted).

     Accordingly, Plaintiffs are **ORDERED TO SHOW CAUSE** in writing by **December 16, 2024,** why this case should not be dismissed for lack of subject matter jurisdiction. Failure to demonstrate a basis for the court's subject matter jurisdiction or comply with court orders **will** result in dismissal. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted); *Arbaugh*, 546 U.S. at 514 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Scholastic Ent., Inc. v. Fox Ent. Grp.*, 336 F.3d

___

[3] The FAC does allege the citizenship of Defendant Virtue Law Group, LLC's and Defendant Quantum Processing, LLC's managing members. (*See* FAC ¶¶ 7-9.) However, these allegations are insufficient to establish the citizenship of Defendant Virtue Law Group, LLC or Defendant Quantum Processing, LLC for purposes of diversity jurisdiction because Plaintiffs do not indicate that the managing members are the *sole* members of the limited liability companies. *See NewGen, LLC*, 840 F.3d at 611.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01050-FWS-ADSDate: December 9, 2024
Title: Debt Registration Center, LLC *et al.* v. Virtue Law Group, LLC *et al.*

___

982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction.").

  **B. Motion to Set Aside Default**

 On December 4, 2024, Defendants filed the Motion to Dismiss. (Dkt. 28.) As discussed above, the clerk entered default as to both Defendants one day earlier, on December 3, 2024. (Dkt. 26.) Although Defendants do not explicitly request that the court set aside default in the Motion, Defendants provide substantial information regarding the circumstances leading to the entry of default. (*See, e.g.*, Dkt. 28 at 2-5.) With the benefit of this briefing, the court construes the Motion as seeking to set aside the December 3, 2024, entry of default. *See, e.g.*, *Everest Indem. Ins. Co. v. Demarco*, 2013 WL 12136578, at *2 (C.D. Cal. June 10, 2013) ("[A] formal motion is not required to set aside default . . . ."); *Brown Jordan Int'l Inc. v. Boles*, 375 F. App'x 700, 701 (9th Cir. 2010) ("[T]he label on a motion has little or no significance."); *United States v. Robles*, 2022 WL 1138111, at *1 (D. Guam Apr. 18, 2022) ("[A] court will construe a motion, however styled, to be the type proper for the relief requested.").

 Federal Rule of Civil Procedure 55(a) provides that the clerk must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). An entry of default is void if it was procedurally improper. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) ("[T]he issue is whether [the defendant] appeared. If it did, a default entered by the clerk is void *ab initio*."). Alternatively, the court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c); *see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (listing the three factors courts consider in analyzing good cause to set aside an entry of default under Rule 55(c)).

 In this case, an entry of default was procedurally improper because Defendants neither failed to plead nor defend. Defendants did not fail to plead because the time to file a responsive pleading or motion has not elapsed. Rule 15(a)(3) mandates that "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Per the parties' stipulation, the time to respond to the Complaint expired on October

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01050-FWS-ADS                                         Date: December 9, 2024
Title: Debt Registration Center, LLC *et al.* v. Virtue Law Group, LLC *et al.*

27, 2024. (Dkt. 16.) However, the second deadline contemplated by Rule 15(a)(3), which terminates fourteen days after service of an amended pleading, had not expired at the time default was entered because Plaintiffs have not properly served Defendants.

Rule 5(b) dictates the proper methods of service for amended pleadings. *See* Fed. R. Civ. P. 5(a)(1)(B) & (b). As discussed above, Plaintiffs indicate they served the FAC on Defendants by sending a copy of the FAC via CM/ECF and electronic mail to defense counsel on October 28, 2024. (Dkt. 23.) Rule 5(b)(2)(E) does authorize service of an amended pleading by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(E). However, Plaintiffs could not properly serve Defendants under this provision because neither Defendants nor defense counsel were registered CM/ECF users on the alleged date of service and Defendants did not consent to service by electronic mail in writing.[4] (Dkt. 20; Dkt. 25 ¶¶ 6-13 & Exh. 7); *see also* L.R. 5-3.2.1 ("Individuals who have not appeared in the case in this Court or who are not registered for the CM/ECF System must be served in accordance with [Federal Rule of Civil Procedure] 5, and proof of service on such individuals must be made by declaration in the form required by L.R. 5-3.1.2.").

Absent "exceptional good cause," "actual notice by means other than that authorized by Rule 5(b) does not constitute valid service." *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1431 (9th Cir. 1996) (citation omitted); *see also De Freitas v. Hertz Corp.*, 720 F. Supp. 3d 993, 1009 (D. Nev. 2024) ("The Ninth Circuit has permitted parties to overcome technically defective service if they can show "exceptional good cause" for failing to comply with Rule 5(b).") (citation omitted). Based on the present state of the record, the court concludes Plaintiffs have not provided "exceptional good cause" excusing their failure to comply with Rule 5(b), particularly because defense counsel repeatedly communicated to Plaintiffs' counsel both that service by electronic mail was insufficient and that Defendants' intended to defend this suit. (*See, e.g.*, Dkt. 19 ¶¶ 6-14, Exhs. 1-4; Dkt. 25 ¶¶ 7-20 & Exhs. 1-7); *cf. Magnuson*, 85

---

[4] Furthermore, defense counsel told Plaintiffs that he did not receive any service via the CM/ECF system, (Dkt. 19 ¶¶ 6-7, 11-14 & Exh. 4; Dkt. 25 ¶¶ 7-20 & Exh. 8), and service via the court's electronic-filing system "is not effective if the filer or sender learns that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(2)(E).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01050-FWS-ADS                                           Date: December 9, 2024
Title: Debt Registration Center, LLC *et al.* v. Virtue Law Group, LLC *et al.*

F.3d at 1431 (holding no exceptional good cause excused the defendant's failure to serve a Rule 68 judgment in accordance with Rule 5(b) where the defendant failed to explain why it could not personally serve the plaintiff or present any evidence suggesting the plaintiff consented to service by alternative means). Because Plaintiffs have yet to effectuate valid service of the FAC on Defendants,[5] the court concludes the deadline for Defendants to file a responsive pleading or motion has not expired under Rule 15(a)(3).

Moreover, even if Plaintiffs could demonstrate "exceptional good cause" rendering their service by electronic mail valid, an entry of default would be improper because Defendants have demonstrated an "intent to defend." *See* Fed. R. Civ. P. 55(a). Here, Defendants opposed both requests for entry of default, arguing that the time to file a responsive pleading had not expired due to improper service and providing evidence of their attempts to meet and confer with Plaintiffs regarding the Motion to Dismiss. (*See, e.g.*, Dkt. 19 ¶¶ 6-14, Exhs. 1-4; Dkt. 25 ¶¶ 7-20 & Exhs. 1-7.) In addition, Defendants filed the Motion to Dismiss one day after the entry of default. (*See generally* Mot.) The court concludes these efforts demonstrate an "intent to defend" sufficient to preclude an entry of default. *See* Fed. R. Civ. P. 55(a), advisory committee's note to 2007 amendment ("Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule.").

In sum, the entry of default against Defendants was procedurally improper and is thus void. *Direct Mail Specialists*, 840 F.2d at 689; *see also Dewey v. L.A. City Coll. Fin. Aid Office*, 2023 WL 3431897, at *2 (C.D. Cal. May 5, 2023) ("Where entry of default was entered despite improper service of process, there is good cause to set aside the default as void."); *McCain v. Cal. Highway Patrol*, 2011 WL 5169372, at *3 (E.D. Cal. Oct. 28, 2011) (collecting cases for the proposition that "a clerk's entry of default may be set aside as void when default was entered in the absence of proper service of process"). Further, setting aside the entry of default in this case is consistent with the Ninth Circuit's policy in favor of deciding cases on the merits. *See Mesle*, 615 F.3d at 1091 (stating "judgment by default is a drastic step appropriate only in extreme circumstances" and "a case should, whenever possible, be decided on the merits") (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)); *Mendoza v. Wight Vineyard*

---

[5] The court notes Plaintiffs have not provided any proof of service as to Defendant Virtue Law Group, LLC with respect to either the Complaint or FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01050-FWS-ADS                                        Date: December 9, 2024
Title: Debt Registration Center, LLC *et al.* v. Virtue Law Group, LLC *et al.*

*Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) ("Where timely relief is sought from a default and the movant has a meritorious defense," any doubts "should be resolved in favor of the motion to set aside default so that cases may be decided on their merits.") (quoting *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)).  Therefore, the court **ORDERS** the clerk to **STRIKE** the entry of default, (Dkt. 26).

Because Defendants are no longer in default, the court **DISCHARGES** the December 3, 2024, Order to Show Cause directing Plaintiffs to file a motion for default judgment before December 26, 2024.  (Dkt. 27.)  In addition, the court, on its own motion, **CONTINUES** the hearing on Defendants' Motion to Dismiss from January 2, 2025, to **January 23, 2025**, at 10:00 a.m. in Courtroom 10D.  *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar.").  Any opposing brief must be filed on or before **January 2, 2025**, and any reply brief must be filed on or before **January 9, 2025**.  *See* L.R. 7-9 & 7-10.

### III.    Disposition

For the reasons stated above, the court **ORDERS** the following:

1. Plaintiffs are **ORDERED TO SHOW CAUSE** in writing why this case should not be dismissed for lack of subject matter jurisdiction by **December 16, 2024**.

2. The clerk shall **STRIKE** the entry of default against Defendant Virtue Law Group, LLC and Defendant Quantum Processing, LLC, (Dkt. 26);

3. The court's December 3, 2024, Order to Show Cause directing Plaintiff Debt Registration Center, LLC and Plaintiff Vista Capital Management, LLC to file a motion for default judgment before December 26, 2024, (Dkt. 27), is **DISCHARGED**.

4. The hearing on Defendants' Motion to Dismiss is **CONTINUED** from January 2, 2025, to **January 23, 2025**, at 10:00 a.m. in Courtroom 10D.  The parties shall file the opposition and reply briefs consistent with timeframes set out in the Local Rules.