1  William W. Palmer, Esq. (SBN 146404)
2  PALMER LAW GROUP, a PLC
   907 Westwood Blvd, No. 218
3  Los Angeles, California 90024
   Telephone: (310) 984-5074
4  Facsimile:  (310) 491-0919
5  Email: wpalmer@palmercorp.com

6  *Attorneys for plaintiffs*
7  *Debt Registration Center, LLC and*
   *Vista Capital Management, LLC*
8

9                **UNITED STATES DISTRICT COURT**
10
11             **CENTRAL DISTRICT OF CALIFORNIA**
12

13  DEBT REGISTRATION CENTER,        Case No.: 8:24-cv-01050-FWS-ADS
    LLC; VISTA CAPITAL
14  MANAGEMENT, LLC,                 <u>SECOND AMENDED COMPLAINT
                                     FOR DAMAGES</u>:
15
              Plaintiffs,
16                                   1. Negligence
                                     2. Conversion
17      vs.                          3. Constructive Fraud
                                     4. Breach of Oral Contract
18  VIRTUE LAW GROUP, LLC a          5. Accounting
    NEW JERSEY LIMITED
19  LIABILITY COMPANY;               DEMAND FOR JURY TRIAL
    QUANTUM PROCESSING, LLC a
20  DELAWARE LIMITED
    LIABILITY COMPANY; GABRIEL
21  A. LEVY; BENJAMIN
    GREENWALD; MENDY RASKIN,
22
23
              Defendants.
24
25

26
27

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545, Sacramento, California 95825
Telephone: (916) 972-0761

---

                SECOND AMENEDED COMPLAINT

Plaintiffs Debt Registration Center, LLC ("Debt Registration") and Vista Capital Management, LLC ("Vista Capital") (collectively hereafter, "Plaintiff") alleges for its Second Amended Complaint ("SAC") against defendants Virtue Law Group, LLC ("Virtue Law") and Quantum Processing, LLC ("Quantum Processing"), Gabriel A. Levy ("Levy"), Benjamin Greenwald ("Greenwald"), and Mendy Raskin ("Raskin") (collectively hereafter, "Defendants") as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332.   The parties have diversity of citizenship, and the controversy is greater than $75,000.00. Plaintiffs allege complete diversity among the complete diversity among the LLC's members as set forth below. *See Johnson v. Columbia Props. Anchorage*, *LP*,437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *NewGen, LLC v. Safe Cig*, *LLC*, 840 F.3d 606, 611 (9th Cir. 2016) ("[W]ith respect to a limited liability company, the citizenship of *all* of the members must be pled.") (emphasis added).

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.  Specifically, for example, Plaintiffs allege that all work was performed in California; Defendants solicited Plaintiffs; Defendants flew to California.  *See*, *e.g*., Exhibit A incorporated herein and by reference.

## PARTIES

**A.**    **Plaintiffs**

3.    Plaintiff Debt Registration Center, LLC, is a California corporation, headquartered in Placentia, California.  Plaintiff Debt Registration, LLC's only managing members are John C. Fitzmaurice, Jessica C. Dovalina, and Jason D. Dovalina, each of whom are residents of California.

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 973-0564

1

4.      Plaintiff Vista Capital Management, LLC, is a California corporation, headquartered in San Clemente.  Plaintiff Vista Capital Management, LLC's only managing member is Trevor Young who resides in California.

**B.    <u>Defendants</u>**

5.      Defendant Virtue Law Group, LLC, is incorporated in the State of New Jersey and is headquartered in New York, New York.  Defendant Virtue Law Group, LLC's only member is Gabriel A. Levy who resides in New York and is its sole managing member.

6.      Defendant Quantum Processing, LLC, is incorporated in the State of Delaware.  Defendant Quantum Processing, LLC's only members are Benjamin Greenwald and Mendy Raskin, both who reside in New York City, New York.

7.      Defendant Gabriel A. Levy resides in New York City, New York, and is the only managing member of Virtue Law Group, LLC.

8.      Defendant Benjamin Greenwald resides in New York City, New York, and is a managing member of Quantum Processing, LLC.

9.      Defendant Mendy Raskin resides in New York City, New York and is a managing member of Quantum Processing, LLC.

## <u>GENERAL ALLEGATIONS</u>

10.      This is a case in which the Defendants failed to acknowledge a contract between the parties and breached their duties by failing to pay and now owe Plaintiffs a large sum of money.

11.      On or about November 7, 2023, Defendants contracted with Plaintiffs to provide leads of potential clients that may wish to purchase Defendants debt resolution program.  Defendants engaged the services of Plaintiffs to provide general marketing and lead generation services.  Plaintiffs, at all times, possess the expertise and resources necessary to promote the services of Defendants.  Plaintiffs performed said duties as requested by Defendants.

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 973-0767

2

12.    Plaintiffs agreed to provide marketing and lead generation services to the Defendants to assist them and to help attract potential clients in need of debt resolution to the Defendants to perform and contract legal services with potential clients.

13.    Plaintiffs' services to be provided were limited to identifying potential clients for the Defendants, so Defendants could onboard such clients including the point of executing an agreement to retain the Defendants.  Plaintiffs and Defendants initial meeting was in Irvine, California to discuss this venture and collaboration with Defendants.  *See* Exhibit A.

14.    Defendants agreed to pay Plaintiffs a flat marketing fee of $1,400.00 for each client referred to Defendants and who contract with a qualifying client referred by the Plaintiffs, which payment was due and payable after the client clears their first payment with the Defendants, provided the client's monthly payment is no less than $375.00.  If the client's monthly payment is below $375.00, but at least $300.00, the Defendants agree to pay Plaintiffs $1,200.00 after the client clears their first payment. If the client's monthly payment is at or above $500.00, the Defendants agree to pay Plaintiffs $1,600.00 after the client clears their first payment. Payment was to be made each Friday for all payments that cleared the week prior.  Defendant Raskin communicated by text message acknowledging the terms and the balance owed to Plaintiffs: "No one is arguing on the current balance I'm talking about the issue with why there is no money."  *See* Exhibit B, which is a true and correct copy of the text message received from Defendant Mendy Raskin.

15.    Plaintiffs further agreed that if any client who cleared their first payment and failed to clear their second or third payment, Defendants were entitled to offset the fee already paid toward such client from a future payment due to Plaintiffs.  This was done to ensure clients did not fraudulently clear their first payment to Plaintiffs for their payment when such client had no intention of proceeding with the Defendants' debt

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (619) 873-0054

resolution program in good faith. This payment offset appeared as a credit on the next payment due to Plaintiffs. In no event were Plaintiffs forced to return money already paid by Defendants, rather the offsets only affected a discount on future payments due from Defendants to Plaintiffs.

16. Plaintiffs and Defendants agreed to the terms that a client would be deemed qualifying if the following were verified by Plaintiffs at the time of enrollment: (1) client is not simultaneously enrolled in any other debt relief or credit repair program; (2) client understood that the Defendants are neither a debt settlement nor a credit repair program; (3) client disclosed any prior debt relief or debt settlement program they were enrolled with prior to enrolling with the Defendants, and the same been disclosed in writing to the Defendants; (4) client did not have an active lawsuit related to any of the accounts enrolled with the Defendants; or client is not involved in an active bankruptcy under any chapter of the U.S. Bankruptcy Code, and has not received a discharge from a U.S. Bankruptcy Court within three (3) months of enrolling into Defendants' program.

17. Plaintiffs agreed and were obligated to maintain a continuous vigilance over the quality of Plaintiffs' leads. Prior to any delivery of leads, Plaintiffs would meticulously review and determine that the lead slated for delivery to Defendants met the utmost standards and aligned with the mutually established technical prerequisites of both Plaintiffs and Defendants. Plaintiffs' assurance was provided to Defendants in written form and established in reports. The quality benchmark of Plaintiffs' procured accounts, Defendants were entitled to conduct any quality assessment through direct engagement with Plaintiffs' leads. Any of Plaintiffs' leads that fell short of any quality assessment criteria would necessitate replacement or refund to Defendants, irrespective of the clearance of any prior payments to Plaintiffs.

18. Plaintiffs and Defendants had agreed to settle any and all existing

SECOND AMENDED COMPLAINT

disputes regarding any and all contracts, agreements, and relationship, formal or informal, that existed at any time between the Defendants and Plaintiffs. Defendants agreed to a partial payment to Plaintiffs in the amount of $144,650.00. Defendant Raskin wrote to Plaintiffs and stated: "bro stop with the bull shit everything is delayed right now you'll get paid, everyone knows in this industry this shit happens everyone else understands and is patient…you will be paid." *See* Exhibit B, which is a true and correct copy of the confirmatory text message. No pay was ever received from Raskin.

19.     Based on information and belief, Plaintiffs' funds were used to purchase investment property real estate in various locations, thus depriving Plaintiffs use of the funds promised to be paid by Defendants.

## **FIRST CLAIM FOR RELIEF**
### **(Negligence against Defendants)**

20.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 19 to this SAC as though said allegations were set forth in full.

21.     At all times mentioned herein, Defendants owed a duty of due care in carrying out their contractual obligations to Plaintiffs pursuant to common law and statute.

22.     Defendants breached said duties by acting and failing to act as alleged herein and above.

23.     As a direct and proximate result of the negligence of Defendants, Plaintiffs have suffered damages in an amount not yet ascertained, subject to proof at trial.

## **SECOND CLAIM FOR RELIEF**
### **(Conversion against Defendants)**

24.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 23 of this SAC as though said allegations were set forth in full herein.

25.    Defendants intentionally hijacked Plaintiffs' generated leads and otherwise converted Plaintiffs' leads for Defendants own use.

26.    The property that Defendants, acting through their officers, directors and agents, intentionally converted to their own use were the payments owed to Plaintiffs.

27.    As a result of Defendants' conduct and conversion of said property, Plaintiffs have been damaged in an amount to be determined at trial.

28.    Plaintiffs further allege that Defendants' conduct was committed in callous disregard of Plaintiffs' interests, and with intent to injure and cause harm to Plaintiffs.  The facts alleged herein demonstrate that Defendants' conduct were/are despicable, as defined in Code of Civil Procedure section 3294.  Therefore, Plaintiffs are entitled to recover punitive damages in an amount appropriate to punish or to set an example of Defendants.

## THIRD CLAIM FOR RELIEF

### (Constructive Fraud against Defendants)

29.    Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 28 of this SAC as though said allegations were set forth in full herein.

30.    Defendants were, at all times relevant hereto, in a contractual relationship with Plaintiffs and owed duties of care, loyalty, accountability, candor and good faith to the Plaintiffs.

31.    Defendants' statutory and common law obligations require it, obviously, not to hide information from Plaintiffs, but to convey all material information concerning its obligations under the contract.

32.    Defendants failed to convey material information to Plaintiffs regarding the status of the leads generated, and the retention of the proceeds from the contracted leads.  Defendants' failure to notify Plaintiffs is designed to intentionally

SECOND AMENDED COMPLAINT

1    deprive Plaintiffs.  By failing to provide Plaintiffs with notice and information,

2    Defendants are concealing from Plaintiffs the material facts regarding its contracted

3    interests and the ongoing mishandling and improper withholding of funds based on

4    Defendants' conduct.

5        33.    In addition to the other harm suffered and set forth above, Plaintiffs

6    contend Defendants fail to and have no intention of ever providing Plaintiffs with

7    any payment for the services rendered under the contract.

8        34.    Defendants' ongoing failure to pay Plaintiffs are done intentionally to

9    deceive Plaintiffs in order to deprive Plaintiffs of their investments and to avoid

10   having to pay Plaintiffs under the contract. The statutory scheme that guides

11   Defendants does not allow them to withhold contractual information, while making

12   a profit thereon.

13       35.    Plaintiffs actually relied upon Defendants to faithfully discharge their

14   statutory duties and to disclose material facts to Plaintiffs regarding the leads

15   generated which resulted in a contract between the lead provided and Defendants.

16   Such reliance by Plaintiffs was justifiable because Defendants previously disclosed

17   and conveyed all contractual information to Plaintiffs.

18       36.    As a result of Defendants' non-disclosure and omission, in violation of

19   its contractual duties, Plaintiffs have been injured and damaged.

20       37.    Plaintiffs further allege that Defendants' conduct has been committed

21   in callous disregard of Plaintiffs' interests, and with intent to injure and cause harm

22   to Plaintiffs.  The facts alleged herein demonstrate that Defendants' conduct was

23   despicable, as defined in Code of Civil Procedure section 3294.  Therefore, Plaintiffs

24   are entitled to recover punitive damages in an amount appropriate to punish or to set

25   an example of Defendants.

26   ///

27   ///

SECOND AMENDED COMPLAINT

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 873-0541

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 973-0561

## FOURTH CLAIM FOR RELIEF

### (Breach of Oral Contract against Defendants)

38.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 37 of this SAC as though said allegations were set forth in full herein.

39.     Defendants are bound by the terms of the oral contract to pay Plaintiffs for the marketing referrals.

40.     Plaintiffs have fully performed all of their duties and obligations under the oral contract that were not otherwise excused by Defendants breach as above described.

41.     Plaintiffs' damages involved from a breach of oral contract and subject to proof at the time of trial, include those arising from the non-payment of the oral contract and performance conformed to that oral contract in all respects.

42.     Plaintiffs have performed all conditions, covenants, and promises required on their part to be performed in accordance with the agreement of the terms and conditions.

43.     At all times, Defendants have breached the oral contract by failing and refusing to pay the Plaintiffs for the customer/client referrals.

44.     Plaintiffs have been damaged according to proof at the time of trial.

45.     The above actions described and the continual refusal of Defendants to pay Plaintiffs pursuant to the oral contract continue to damage Plaintiffs.

## FIFTH CLAIM FOR RELIEF

### (For An Accounting by Defendants)

46.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 45 of this SAC as though said allegations were set forth in full herein.

47.     Defendants never informed Plaintiffs of the true state of its contractual

8

affairs and the status of leads generated, which Defendants are holding in their possession.

48.    The total amount of Plaintiffs' damages, which include not only the mishandling of the leads contracted, but the mistreatment and arbitrary calculation, and the absence of any calculations of Defendants cannot be ascertained without an accounting for such property.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

1.    For general and special damages in a sum according to proof at the time of trial,

2.    For punitive and exemplary damages in an amount appropriate to punish and set an example of Defendants;

3.    For equitable and injunctive relief as determined by this Court, including but not limited to, imposition of a constructive trust over an accounting of any and all transactions unlawfully entered into by Plaintiffs and the payment of Plaintiffs' contracted leads generated;

4.    A permanent injunction restraining Defendants from engaging in future unlawful and/or fraudulent transactions, as alleged in this SAC;

5.    Restitution and disgorgement of ill-gotten gains to the Plaintiffs in the form of an order requiring Defendants to return any payments that they have mishandled or are accumulating.

6.    For an accounting;

7.    For constructive trust;

8.    For such other and further relief as the court deems just and proper.

///

///

///

9

1    Dated January 28, 2025.      Respectfully submitted,

2                                      PALMER LAW GROUP, a PLC

3

4                                     By: _____.

5                                         William W. Palmer

6                                     *Attorneys for plaintiffs Debt Registration, LLC*

7                                     *and Vista Capital Management, LLC*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

SECOND AMENDED COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiffs hereby demand a trial by jury.

3   Dated: January 28, 2025          PALMER LAW GROUP, a PLC

4

5

6   By:_____.

7          William W. Palmer

8   *Attorneys for plaintiffs Debt Registration, LLC*
    *and Vista Capital Management, LLC*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

SECOND AMENDED COMPLAINT

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2025, I caused the foregoing:

- **SECOND AMENDED COMPLAINT FOR DAMAGES**

to be served by CM/ECF on Defendants Virtue Law Group, LLC and Quantum Processing, LLC:

Jason Lowe, Esq.
LAW OFFICES OF JASON LOWE
225 West 106th Street, 8M
New York, New York 10025
Email: jasonflowe@gmail.com

Executed on January 28, 2025, at Sacramento, California.

David Schlosser

SECOND AMENDED COMPLAINT

Exhibit A

11:23

< 2          **Mendy** >

Mon, Mar 4 at 5:06 PM

On the flight my friend

Can you text me



Coming to see you

Oh thought i would catch you before take off!

8pm flight

We processed between Friday and today 450k

iMessage

11:24

**Mendy** >

And have another 170k

**1 Reply**

Pending

You will get money

lol I assume that's why you are calling

And have another 170k

Till Friday

ACH company also approved us for 4 banks

So we'll be set on that as well

Nah not even knew i was seeing you this week why i left you alone all day lol

Hahaha

Beat me up tomorrow in person 😂 

We do need the money more than we ever have though... almost 500k due this week alone! Need to realize like 350 to get back on track

Yes I know Jason told me

iMessage

11:25

< **2**    **Mendy** >

What's the address

To something there I can put in google

Javier's — Irvine
536 Spectrum Center Dr
Irvine, CA 92618

Let me know eta once you plug it in

Hour ish

Prob 1:20 min

In La

My aunt and uncle live in Irvin lol

12:30

Ok reservation is for 1pm at Javier's at
Irvine Spectrum

Perfect

Tue, Mar 5 at 12:58 PM

Here?

Tue, Mar 5 at 3:09 PM

Good to meet you brother

Thank you for lunch

Many more i hope

100% it was a great time

iMessage

**Mendy Investors**

Monday, March 4

Yep I'll be there tomorrow

10:25 AM

I land tonight

Just figuring out hotel and car and shit

10:26 AM

But we'll be good

10:27 AM

Need to be good for $$$ tomorrow cannot stress enough

Exhibit B

## M  Mendy Investors

I understand the seriousness and we'll get you money this week.

4:02 PM

The second money comes in it will go back out

4:05 PM

I will most likely be able to get you 300k this week yes



‹  Ⓜ **Mendy Investors** ⌄                    ⋮

Our balance is 225k with a big  260k due Friday...total of 485k this week

We absolutely need no less than 350k paid this week

This is as serious as it gets we will be completely out of business on Wed.

**M**  Mendy Investors

This is as serious as it gets we will be completely out of business on Wednesday...

Without money

Please help us keep this going for you

3:52 PM

We took a loan to cover payroll and don't know how else to express

M   **Mendy Investors** ⌄

We took a loan to cover payroll and don't know how else to express the seriousness of our situation

3:53 PM

Trevor will give you a call we'll schedule lunch tomorrow

3:54 PM

Sounds good let's do lunch

Mendy Investors

I understand the seriousness and we'll get you money this week.

4:02 PM

The second money comes in it will go back out

4:05 PM

I will most likely be able to get you 300k this week yes

Let's hope as

< M   **Mendy Investors** ⌄                    ⋮

Just so you're aware of our delima in its entirety...we have a 150k payroll due on Tuesday we have to cover NO MATTER WHAT !!! For performing files we haven't been paid on even though we're not working...we're 1000% fucked !!!!!!!

10:26

**M   Mendy Investors** ⌄

Sunday, March 17

30k tomorrow then prob 50k following day

and then we'll start paying in a lot per day

12:25 PM

bare with me my friend

12:26 PM

Thank you just need that reassurance we've been very loyal,

9:48

**M**  Mendy Investors ⌄

up

1:58 PM

what's uso

i'm waiting on dolly to finish the review

1:59 PM

What fucken review would stop you from chipping away at such a huge balance. ? Mendy we need to get paid wtf

2:12 PM

**M** Mendy Investors ⌄

we need to have clarity of what is owed so we can pay

2:13 PM

This is fucken insane ...and you know it !!! Horrible business practices...we need some good faith from $ from you asap

2:16 PM

When can we

## Mendy Investors

we can have a conference call and fix whatever but you owe the money and bought the performing files

8:41 AM

No one is arguing on the current balance I'm Talking about the issue with why there is no money

8:41 AM

Well

9:45

## Mendy Investors ⌄

You fucked us bad today !!!

1:57 PM

You're getting paid off all our investment into your company

1:58 PM

bro stop with the bull shit everything is delayed right now you'll get paid, everyone knows in this industry

## Mendy Investors ⌄

bro stop with the bull shit everything is delayed right now you'll get paid, everyone knows in this industry this shit happens everyone else understands and is patient

i didn't fuck anyone

you will be paid

1:59 PM

You know

by summit   I know